45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby O. FOSTER, Jr., Defendant-Appellant.
 No. 93-5905.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 27, 1994.
Decided: December 28, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-93-47)
 James Douglas Hill, Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, H. Thomas Church, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bobby O. Foster, Jr., was convicted of various drug trafficking offenses and aiding and abetting use and possession of a firearm in a drug trafficking crime in violation of 18 U.S.C. Sec. 2 (1988), 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994), and possession of a firearm by a convicted felon in violation of 18 U.S.C.A. Sec. 922(g) (West Supp.1994). He was sentenced to a total of 300 months imprisonment followed by three years of supervised release. A $2000 fine was also imposed. On appeal, he challenges only the sufficiency of the evidence to support the firearms convictions. We affirm.
 
 
 2
 * Charlotte police officer Rita Vincent, working undercover, had been making drug buys from Emmanuel Massey over a period of several months. On February 3, 1993, Vincent placed an order for six ounces of cocaine, to be picked up at the home of Massey's sister, Sharon Fields. Surveillance officers saw a Ford Bronco arrive in the parking lot next to Fields's house shortly before Vincent's scheduled arrival. Bobby Foster, Jr. ("Foster"), left the passenger side of the Bronco and entered the house, carrying something in his right hand. The driver remained in the Bronco.
 
 
 3
 Two or three minutes later, Massey emerged from the house and waited on the sidewalk. When Vincent arrived, Massey got in her car. He delivered a bag containing six baggies, later found to contain 168.41 grams of cocaine, and Vincent handed him the agreed amount of cash. Vincent then signaled that the deal was complete, and Massey was arrested. Police found Foster alone in the kitchen of the house, wearing a beeper. Fields was also arrested.
 
 
 4
 Bobby Foster, Sr. ("Foster Sr."), was found in the driver's seat of the Bronco. He gave permission to an officer to look in the vehicle. The officer found a loaded .45 caliber handgun lying behind the console in the rear of the vehicle, in easy reach of either the passenger or driver. Foster Sr., admitted that he knew the gun was there.
 
 
 5
 At Foster's jury trial, Massey testified that Foster helped him buy cocaine on prior occasions. On the date in question, Massey called Foster because he could not contact his regular source. Foster came to the house and delivered the drugs to Massey, who then went outside to complete the deal with Vincent. In response to an inquiry from Massey, Foster stated that he got the drugs from his family. Fields testified that she had dealt drugs with her brother before, that she knew he had no drugs before Foster arrived, and that Foster came in carrying a child's Happy Meal box.
 
 
 6
 Foster testified that he went to visit Massey's sister on February 3 because he was her friend, but he had nothing to do with the drugs. He stated that he did not know that his father had a gun in the Bronco, had never seen that gun before, and had never seen his father with a gun. On cross-examination, Foster admitted that he had been a drug dealer, and that his father had been on Death Row for murder. The jury convicted Foster on all counts.
 
 II
 
 7
 On appeal, Foster challenges the sufficiency of the evidence to support the two firearms convictions. He contends that there is no evidence showing that he had knowledge of the gun's presence in the Bronco, or that he aided and abetted his father's possession of the weapon. He alleges that there is inadequate proof to establish that his father was part of the criminal conspiracy.
 
 
 8
 We review the sufficiency of the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). All reasonable inferences from the evidence must be viewed in the light most favorable to the government. United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991).
 
 
 9
 A conviction under 18 U.S.C. Sec. 924(c) requires proof of: (1) the use or carrying of a firearm; (2) during or in connection with a drug trafficking crime. United States v. Willis, 992 F.2d 489, 490 (4th Cir.), cert. denied, 62 U.S.L.W. 3248 (U.S.1993). Possession with intent to distribute a controlled substance in violation of 21 U.S.C.
 
 
 10
 Sec. 841(a)(1), is a drug trafficking crime. United States v. Fisher, 912 F.2d 728, 731 (4th Cir.1990), cert. denied, 500 U.S. 919 (1991). A conspirator is liable for any acts of his co-conspirators that are in furtherance of the conspiracy and are reasonably foreseeable. Pinkerton v. United States, 328 U.S. 640, 647 (1946); United States v. McManus, 23 F.3d 878, 883 (4th Cir.1994). A defendant can be convicted of a Sec. 924(c) charge predicated on a conspiracy when the use of a gun by the co-conspirator was reasonably foreseeable, even if he had no knowledge of the gun's use or existence. United States v. Cummings, 937 F.2d 941, 944-45 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S.1991). Proximity to a gun can be sufficient in a drug transaction. United States v. Kimberlin, 18 F.3d 1156, 1158 (4th Cir.), cert. denied, 62 U.S.L.W. 3755 (U.S.1994). Whether there is an adequate connection between the firearm and the underlying offense is a classic jury question. Id.
 
 
 11
 The jury found Foster guilty of the drug conspiracy alleged in count one of the indictment among Massey, Foster Sr., and Foster. The latter does not contest that conviction on appeal. Evidence was before the jury that Foster Sr., drove his son to the drug transaction, that he waited for him to return, and that he carried a gun in his car. Massey testified that Foster told him that he got his drugs from his family. Clearly, the jury had enough evidence to find Foster Sr., a part of the conspiracy.*
 
 
 12
 Foster is liable for the acts of his co-conspirators that are reasonably foreseeable. The illegal drug business is a dangerous and violent one; it is reasonably foreseeable that a firearm could be carried by a co-conspirator during a drug deal. United States v. Gutierrez, 978 F.2d 1463, 1468 (7th Cir.1992). Even if Foster was not aware of the gun in his father's car, the knowledge can be imputed to him under Pinkerton. Cummings, 937 F.2d at 944-45.
 
 
 13
 We conclude that the evidence was sufficient as well to support Foster's conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g). Again, the weapon is attributable to Foster through the Pinkerton doctrine. Evidence was introduced at trial of Foster's prior felony conviction with a sentence of four years imprisonment. There was additional testimony that the weapon was manufactured in New York and would have to travel in interstate commerce to reach North Carolina. Therefore, sufficient evidence of each element of the offense was before the jury, and Foster's challenge to this conviction lacks merit.
 
 
 14
 Accordingly, we affirm the challenged convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aide the decisional process.
 
 AFFIRMED
 
 
 *
 The government need not prove that a conspirator knew all the other conspirators, that he had knowledge of all the details of the conspiracy, or that he had a major role. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992)