51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl William SHUE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Wayne SHUE, Defendant-Appellant.
 Nos. 94-5486, 94-5487.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 14, 1995.
Decided March 30, 1995.
 
 Janet C. Thomas, Charlotte, NC; Henry M. Whitesides, Jr., Charlotte, NC, for appellants. Mark T. Calloway, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, NC, for appellee.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Carl William Shue and Larry Wayne Shue appeal from their convictions of using or carrying a firearm during or in relation to a drug trafficking offense in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994), and their sentences imposed after their additional guilty pleas to conspiracy to possess with intent to distribute diazepam (Valium), in violation of 21 U.S.C.A. Sec. 846 (West Supp.1994), and possession with intent to distribute diazepam, in violation of 21 U.S.C.A. Sec. 841(a)(1) (West 1981). They argue that the district court erred in denying their motions for acquittal and in denying a reduction in their sentences for acceptance of responsibility. Finding no error or abuse of discretion, we affirm.
 
 
 2
 The elements of Sec. 924(c) are: (1) the use or carrying of a firearm; (2) during and in relation to a drug trafficking crime. United States v. Willis, 992 F.2d 489, 490 (4th Cir.), cert. denied, 62 U.S.L.W. 3248 (U.S.1993). Possession with intent to distribute a controlled substance in violation of 21 U.S.C.A. Sec. 841(a)(1), is a drug trafficking crime. United States v. Fisher, 912 F.2d 728, 731 (4th Cir.1990), cert. denied, 500 U.S. 919 (1991). A conspirator is liable for any acts of his co-conspirators that are in furtherance of the conspiracy and are reasonably foreseeable. Pinkerton v. United States, 328 U.S. 640, 647 (1946); United States v. McManus, 23 F.3d 878, 883 (4th Cir.1994).
 
 
 3
 A defendant can be convicted of a Sec. 924(c) charge predicated on a conspiracy theory when the use of a gun by the co-conspirator was reasonably foreseeable, even if he had no knowledge of the gun's use or existence. United States v. Cummings, 937 F.2d 941, 944-45 (4th Cir.), cert. denied, 502 U.S. 948 (1991). Proximity to a gun can be sufficient in a drug transaction. See United States v. Kimberlin, 18 F.3d 1156, 1158 (4th Cir.), cert. denied, 62 U.S.L.W. 3755 (U.S.1994). Whether there is an adequate connection between the firearm and the underlying offense is a question for the jury. Id.
 
 
 4
 The Shues had pled guilty to possession with intent to distribute and conspiracy with respect to the Valium, the requisite drug trafficking offense. The government presented evidence that both Carl and Larry Shue, knowing that they intended to conduct a drug transaction, requested that co-conspirator Michael Threadgill bring a firearm. The government also presented evidence that Threadgill possessed a firearm and that just prior to the transaction, he knew there was to be a drug transaction. Also, the day before the transaction, Carl indicated to Informant Smith that a gun would be present for his protection and, during the deal, when Smith went to meet with his alleged customer (actually an undercover officer), Larry told Smith that he would "cover" Smith with a gun.
 
 
 5
 We find that this evidence, viewed in the light most favorable to the government, was sufficient to sustain the Shues' convictions. See Glasser v. United States, 315 U.S. 60, 80 (1942). Under the Pinkerton doctrine, Carl and Larry Shue are liable for Threadgill's actions in furtherance of the conspiracy which are reasonably foreseeable. Pinkerton, 328 U.S. at 647; McManus, 23 F.3d at 883. The evidence was sufficient for the jury to reasonably conclude that the carrying of the firearm was in furtherance of the conspiracy, even if the Shues did not know whether Threadgill complied with their requests and brought the firearm. See Cummings, 937 F.2d at 944-45.
 
 
 6
 The Shues make much of the fact that the gun was located in a shoulder holster, under Threadgill's left arm, thus not within immediate reach of Larry Shue. However, proximity to the gun may be sufficient to support a firearm conviction. See Kimberlin, 18 F.3d at 1158. Because the evidence, viewed in the light most favorable to the government, was sufficient to sustain the convictions, see Glasser, 315 U.S. at 80, the district court properly denied the Shues' motions for judgment of acquittal. See Fed.R.Crim.P. 29(a); United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992). We therefore affirm Carl Shue's and Larry Shue's convictions for use and carrying of a firearm during and in relation to a drug trafficking offense.
 
 
 7
 A two-level reduction for acceptance of responsibility may be granted, in the district court's discretion, pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). See United States v. Cusack, 901 F.2d 29, 31 (4th Cir.1990). Whether the Defendant is entitled to the reduction is a factual question, which the Defendant must prove by a preponderance of the evidence. United States v. Curtis, 934 F.2d 553, 557 (4th Cir.1991); United States v. Harris, 882 F.2d 902, 907 (4th Cir.1989).
 
 
 8
 Although the Shues pled guilty to two counts of the indictment, they were not thereby automatically entitled to the reduction for acceptance of responsibility. Harris, 882 F.2d at 905-06. Rather, to grant the reduction, the district court must have found that the Defendants affirmatively acknowledged all of their criminal conduct. United States v. Gordon, 895 F.2d 932, 936 (4th Cir.), cert. denied, 498 U.S. 846 (1990).
 
 
 9
 The Shues argue that under the authority of U.S.S.G. Sec. 3E1.1(b), comment. (n.2), and United States v. Muldoon, 931 F.2d 282 (4th Cir.1991), they are entitled to the reduction even though their convictions on the firearms charge were based upon a jury's finding of guilt. They assert that like Muldoon, they did not testify, offer evidence, and did not contradict or falsely deny the relevant conduct. They argue that the district court's dismissal of the portion of the firearm count (relating to the assault rifle) and the court's stated reluctance to overrule their motion for judgment of acquittal show that they were not frivolously contesting the relevant conduct.
 
 
 10
 Application note 1(a) to U.S.S.G. Sec. 3E1.1 provides that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. Sec. 3E1.1 comment. (n.1(a)). Unlike Muldoon, the Shues were not raising constitutional or statutory challenges; rather, they were contending that they did not know or did not have "possession" of the firearm.* Because the Shues failed to affirmatively acknowledge all of their relevant conduct, we find that the district court's denial of the acceptance of responsibility reductions was not an abuse of discretion. See Gordon, 895 F.2d at 936.
 
 
 11
 In conclusion, we affirm the Shues' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Although the Shues pled guilty to the conspiracy and the possession charges, they refused to acknowledge their involvement in the firearms violation. Evidence was presented in the district court that the Shues and Threadgill had an agreement that Threadgill would take full responsibility for the firearm while the Shues claimed responsibility for the drugs