18 F.3d 1156
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frankie Edward KIMBERLIN, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randall Gray PARKER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond FULLER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Wayne INSCORE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James David COCKRELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sandra Lewis COCKRELL, a/k/a P Nut, Defendant-Appellant.
 Nos. 93-5113, 93-5125, 93-5150, 93-5226, 93-5227 and 93-5231.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 10, 1993.
Decided March 3, 1994.
 
 ARGUED: David Ferris Tamer, Winston-Salem, North Carolina, for appellant Kimberlin; David Bruce Freedman, White & Crumpler, Winston-Salem, North Carolina, for appellant Parker; Ernest Raymond Alexander, Jr., Greensboro, North Carolina, for appellant Fuller; Thomas Kieran Maher, Rudolf & Maher, Chapel Hill, North Carolina, for appellant Inscore; James B. Craven, III, Durham, North Carolina, for appellant James Cockrell; Walter C. Holton, Jr., Tisdale, Holton & Menefee, Winston-Salem, North Carolina, for appellant Sandra Cockrell. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for appellee. ON BRIEF: Benjamin H. White, Jr., United States Attorney, Gill P. Beck, Assistant United States Attorney, Greensboro, North Carolina, for appellee.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 WILKINSON, Circuit Judge:
 
 
 1
 Appellants raise several challenges to their convictions and sentences stemming from involvement in a drug distribution conspiracy. We find that the challenges lack merit and therefore affirm the convictions and sentences.
 
 I.
 
 2
 Appellants in this case--Frankie Edward Kimberlin, Randall Gray Parker, Raymond Fuller, Kenneth Wayne Inscore, James David Cockrell, and Sandra Lewis Cockrell--were all found guilty of conspiracy to possess with intent to distribute cocaine hydrochloride. See 21 U.S.C. Secs. 841(a)(1) & 846. Inscore and the two Cockrells pled guilty to the charges, while Kimberlin, Parker, and Fuller were found guilty by a jury after a trial in October 1992. Appellant Parker was also found guilty on two counts of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 3
 All of the convictions stem from a series of drug transactions spanning the period from July 1986 until at least August 1991, which resulted in the indictment of twelve defendants on conspiracy charges and a variety of other offenses. Although appellants were all significantly involved in the conspiracy, their individual roles ranged from major cocaine distributor to providing storage and a place of sale for the drugs. At trial, the government presented evidence that at least fifteen kilograms of cocaine were distributed during the course of the conspiracy.
 
 
 4
 Appellants now raise a number of challenges to their convictions and the resulting sentences. Because the contentions involve different facts, the facts relevant to each individual challenge are best related in the discussion of that particular challenge.
 
 II.
 
 5
 Appellant Randall Parker contends that the district court erred by failing to grant his FED.R.CRIM.P. 29 motion for acquittal as to the charges of carrying a firearm during a drug trafficking crime. See 18 U.S.C. Sec. 924(c)(1). Section 924(c)(1) provides for an additional five years of imprisonment for anyone who, "during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm." Id. Parker claims that the government failed to produce evidence showing how Parker used a gun to facilitate drug transactions, and that no evidence was produced showing that he carried a gun during the July 1991 drug transaction alleged in Count Six.
 
 
 6
 Both these claims lack merit. In this case, the government presented evidence showing that a gun was in Parker's immediate vicinity during two specific drug transactions, one in October of 1990 and the other in late summer of 1991. In the first transaction, a pistol was located on the bed in Parker's bedroom when a drug transaction took place. In the second, Parker travelled during the course of his drug activities in a vehicle in which he placed a nine millimeter pistol in a little black bag. It is not necessary to show that Parker affirmatively used a gun when completing a drug transaction, see United States v. Ivy, 973 F.2d 1184, 1189 (5th Cir.1992), or even that Parker possessed a gun at the exact time of a drug exchange, see United States v. Johnson, 658 F.2d 1176, 1181 (7th Cir.1981). It is enough that a gun was Parker's companion while he engaged in drug trafficking activities and that the firearm facilitated the success of those activities. See Smith v. United States, --- U.S. ----, --- - ----, 113 S.Ct. 2050, 2058-59, 124 L.Ed.2d 138 (1993). Determining whether an adequate connection has been made between a firearm and an underlying drug offense is a classic jury question. There was ample evidence here from which the jury could infer that Parker had a gun handy for his personal protection or in order to intimidate others, and that the presence of the weapon aided Parker in completing his drug deals.
 
 
 7
 Parker also contends that he is entitled to an acquittal on one of the firearms charges because the government failed to present evidence that he carried a gun in connection with a drug trafficking crime alleged to have occurred in July of 1991. Parker bases his argument on language in Count Six of the indictment that the underlying drug violation occurred "[i]n or about July, 1991, the exact date to the Grand Jurors unknown." Parker's contention, however, places too much reliance on the date indicated in the indictment. "Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." United States v. Morris, 700 F.2d 427, 429 (1st Cir.1983); see also United States v. Nunez, 668 F.2d 1116, 1127 (10th Cir.1981); 1 Charles A. Wright, Federal Practice & Procedure: Criminal Sec. 125, at 383 (2d ed. 1982). The government produced evidence at trial that Parker engaged in a drug transaction, during which he carried a gun, in August 1991. This slight variance in time may be disregarded because, without a doubt, "[t]he indictment ... fairly [apprised] the defendant of the crimes with which he was charged." Land v. United States, 177 F.2d 346, 348 (4th Cir.1949); see also Morris, 700 F.2d at 430. Because the date specified in the indictment was not a substantive element of the crime, and because Parker was not prejudiced by the inclusion of that date, his challenge to the firearms conviction in Count Six must fail.
 
 III.
 
 8
 Appellant Raymond Fuller challenges the district court's denial of his Rule 29 motion for an acquittal. Fuller contends that he cannot be found guilty of Count One--conspiracy to possess with intent to distribute "in excess of five kilograms of cocaine hydrochloride"--when his sentence was based on only 903 grams of cocaine. Fuller argues that inclusion of the "five kilograms" language in the indictment made the amount of drugs involved a substantive element of the crime charged, and that the government has failed to prove his personal responsibility for that amount.
 
 
 9
 Fuller's argument, however, is unavailing. This court, like others, has held that "because the quantity of drugs only goes to the sentence rather than guilt, trial by jury as to that fact is not required." United States v. Engleman, 916 F.2d 182, 184 (4th Cir.1990); United States v. Morgan, 835 F.2d 79, 81 (5th Cir.1987); United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991). Furthermore, quantity does not become a substantive element of the crime simply because an amount is indicated in the indictment. In the context of heroin distribution, the Sixth Circuit has aptly stated that "to be found guilty of possession of heroin with intent to distribute in contravention of 21 U.S.C. Sec. 841(a)(1), the evidence at trial need not establish the precise amount of heroin alleged in the indictment. It is sufficient if the substance is in fact heroin and if it is measurable." United States v. Woods, 568 F.2d 509, 512 (6th Cir.1978). The district court specifically found Fuller to be responsible for a measurable amount--nearly a kilogram--of cocaine, and thus it properly denied Fuller's Rule 29 motion.
 
 IV.
 
 10
 Appellants James Cockrell, Sandra Cockrell, and Raymond Fuller* contend that the district court improperly applied a 2-level enhancement to each of their base offense levels due to one of their co-conspirator's possession of a firearm. The district court applied the enhancement pursuant to U.S.S.G. Sec. 2D1.1(b), which requires a 2-level increase if a dangerous weapon, including a firearm, was possessed. The appellants contend that the government failed to demonstrate their awareness that a firearm was carried by one of their co-conspirators, thus failing to prove their liability for possession of a weapon.
 
 
 11
 We disagree. Section 1B1.3(a) of the Guidelines states that in calculating the guideline range for a particular defendant, "all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity" are to be included. In applying this provision, courts have attributed weapons carried by co-conspirators to a defendant when "under the circumstances of the case, it was fair to say that it was reasonably foreseeable to [defendant] that his co-participant was in possession of a firearm." United States v. White, 875 F.2d 427, 433 (4th Cir.1989); see also United States v. Bianco, 922 F.2d 910, 912 (1st Cir.1991). In this case, the government presented ample evidence to support a finding that appellants could foresee one of their co-conspirators carrying a weapon. For example, Sandra Cockrell testified that she saw a gun on the seat of Randall Parker's car when she drove him to the Inscores' house. At the same time, she observed and used cocaine present in the car. James Cockrell similarly testified to being in a car with Parker when both drugs and a gun were present. Furthermore, with respect to all three appellants, "[a]bsent evidence of exceptional circumstances, ... it [is] fairly inferable that a codefendant's possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." Bianco, 922 F.2d at 912; see also White, 875 F.2d at 433 (noting that weapons are now "tools of the trade" in illegal drug operations). The strong showing of foreseeability in this case supports the sentencing court's factual finding that the appellants are chargeable with possession of a gun. Because that finding is not clearly erroneous, we will not disturb it. See United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir.1992).
 
 
 12
 Contrary to appellants' assertions, this result is not affected by the fact that they were not individually charged with carrying firearms during a drug trafficking crime, see 18 U.S.C. Sec. 924(c)(1), although other defendants were so charged. Courts are not limited to considering only those activities resulting in a criminal conviction when determining a defendant's sentence. See United States v. Nelson, 6 F.3d 1049, 1057 (4th Cir.1993); United States v. Isom, 886 F.2d 736, 738 & n. 3 (4th Cir.1989). Just as there is no requirement at sentencing that the court consider only activity for which defendant has been convicted, there is no requirement that the court consider only activity for which the defendant has been charged.
 
 V.
 
 13
 Appellant James Cockrell challenges the district court's addition of two points to his criminal history score at sentencing pursuant to U.S.S.G. Sec. 4A1.1(d). Section 4A1.1(d) requires a court to add two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Application Note 4 to Sec. 4A1.1 states that a "term of unsupervised probation" would be included as a criminal justice sentence. Cockrell admits that he was on unsupervised probation during a portion of the conspiracy period. In fact, Cockrell was placed on unsupervised probation several times during the term of the conspiracy, including five years for nonsupport of children in 1987 and one year for vehicular speeding and marijuana possession in 1989. Despite the repeated probationary sentences, however, Cockrell argues that such "minor" infractions are not what the Sentencing Commission envisioned when constructing the probation enhancement of Sec. 4A1.1(d). He asserts that the application of Sec. 4A1.1(d) here is "overkill."
 
 
 14
 We disagree. Nowhere does it state in the Sentencing Guidelines that the probation enhancement is to be subjected to variable enforcement based on the severity of the crime giving rise to the probationary sentence. As the Ninth Circuit explained in United States v. McCrudden, 894 F.2d 338, 339 (9th Cir.1990), the district court is permitted to depart downward from the Guidelines range if it believes that the defendant's criminal history score overrepresents the seriousness of his criminal history. With this escape hatch, the court explained, a consistent application of Sec. 4A1.1(d) "was unambiguously intended by the guidelines" regardless of the offense underlying probation. Id. We find this reasoning persuasive, and refuse to read a provision into the Sentencing Guidelines which would distort the application of the probation enhancement. Furthermore, the district court was free to reject a request for downward departure from the Guidelines range, and its decision to do so is not now reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.1990). Accordingly, the district court's addition of two points to James Cockrell's criminal history score was not in error.
 
 VI.
 
 15
 Appellants raise several other challenges to their sentences, asserting primarily that the district court held them accountable for a greater amount of cocaine than they were actually responsible for.
 
 
 16
 After reviewing the record, it would be impossible to label as clearly erroneous the district court's careful factual findings as to the quantity attributable to each defendant. See United States v. Vinson, 886 F.2d 740, 742 (4th Cir.1989). Accordingly, we find appellants' remaining contentions to lack merit.
 
 
 17
 For the foregoing reasons, the judgment of the district court is
 
 
 18
 AFFIRMED.
 
 
 
 *
 Appellant Fuller presents this argument in a supplemental pro se brief. Leave to file the supplemental brief was granted on January 6, 1994