**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4167

NATHANIEL JEROME OSBORNE, a/k/a
Rome,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-95-139-N)

Submitted: September 24, 1996

Decided: October 23, 1996

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jon M. Babineau, DOYLE & BABINEAU, Norfolk, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Laura Pellatiro
Tayman, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nathaniel Jerome Osborne appeals from his jury convictions of one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 1996), and two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). We affirm.

I.

Osborne first contends that the evidence at trial was insufficient to support the conspiracy count. To prove conspiracy to distribute cocaine base, "the Government must establish that: (1) an agreement to possess cocaine with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996). In Glasser v. United States, the Supreme Court explained that a jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." 315 U.S. 60, 80 (1942). Further, we assess the evidence in the light most favorable to the Government. Burgos, 94 F.3d at 863.

Viewed in the light most favorable to the Government, the evidence at trial showed that Agent Dennis White, from the Drug Enforcement Agency Task Force ("DEA"), utilized one Alex Polite as an informant to arrange drug sales with Osborne. On March 6 and March 14, 1995, Agent White bought cocaine base directly from Osborne at a Wendy's restaurant in Norfolk, Virginia. In arranging the March 14 sale, Polite spoke with Gregory Kinsey, an associate of Osborne's, who agreed to the sale terms on Osborne's behalf. While in Wendy's on March 14, Osborne gave Agent White his skypager number, which was an 800 number permitting nationwide contact.

2

On August 15, Osborne met White at the same Wendy's, ostensibly to sell him nine ounces of cocaine base. Osborne arrived at Wendy's in an automobile driven by William Daniels. Stanley Locus was sitting in the back seat. Osborne introduced Daniels and Locus to Agent White as his "partners." Osborne, Daniels, and Locus were then arrested. DEA agents recovered a revolver from the back seat of the car and 348 grams of imitation crack cocaine from the front seat. We hold that in construing this evidence in the light most favorable to the government and drawing all reasonable inferences therefrom, a rational jury could have found Osborne guilty of conspiracy to distribute cocaine base.

II.

Osborne next contends that the evidence at trial was insufficient to support the distribution counts. For support, Osborne argues that the Government induced him to sell Agent White cocaine base. However, at trial, Osborne did not raise an entrapment defense. In fact, he denied that he ever sold drugs. By stating that he was induced, Osborne now admits that the drug sales took place. His contention that inadequate evidence supported the jury's verdict is frivolous.

III.

Osborne also asserts that the district court erred in increasing his base offense level by two pursuant to United States Sentencing Commission, Guidelines Manual, § 3B1.1(c) (Nov. 1995), for a managerial role in the crime. Factual disputes concerning adjustments under the guidelines should be resolved by a preponderance of the evidence. United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir.), cert. denied, 493 U.S. 943 (1989). A district court's findings of fact concerning role adjustments must be affirmed unless clearly erroneous. United States v. Smith, 914 F.2d 565, 569 (4th Cir. 1990), cert. denied, 498 U.S. 1101 (1991). At trial, Polite testified that Locus sold cocaine for Osborne. Kinsey, on at least one occasion, arranged a sale on Osborne's behalf. In addition, Osborne arrived at what was to be a scheduled sale with two accomplices. Aside from his own blanket denials of involvement with drugs, Osborne did not offer any evidence to contradict this testimony. Thus, the district court did not err

3

in finding by a preponderance of the evidence that Osborne acted as a manager.

IV.

Osborne asserts that the district court erred in applying a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a firearm during a drug offense. Osborne argues that the gun was only present during the last meeting with Agent White, and Osborne was not convicted of a drug offense for that meeting. Furthermore, only imitation cocaine base was recovered from the car, so no "drug" offense occurred that day. In addition, Osborne asserts that he did not know there was a gun in the car.

However, Osborne was convicted of conspiracy to distribute cocaine base. Therefore, even though he was not convicted of the August 15 "sale," the enhancement should be applied where the weapon was possessed in the furtherance of the conspiracy. See United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir.), cert. denied, 114 S. Ct. 1857 (1994). Moreover, a defendant "possesses" a firearm for purposes of U.S.S.G. § 2D1.1(b)(1) if the weapon was merely "`present, unless it is clearly improbable that the weapon was connected with the offense.'" United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994) (enhancement affirmed where defendant could reasonably have foreseen that firearm would be present during drug transaction) (quoting U.S.S.G. § 2D1.1, comment. (n.3)).

Here, the firearm was present in the car with Osborne, his co-conspirators and imitation cocaine base, as they drove to a scheduled drug sale. In the past, Osborne and his co-conspirators had sold genuine cocaine base to the same customer. Based on this evidence, we find that it was reasonably foreseeable to Osborne that a firearm would be present. Further, we hold that the district court's finding that the August 15 meeting was in furtherance of the conspiracy was not clearly erroneous.

V.

Finally, Osborne challenges the district court's two-level enhancement for obstruction of justice. An adjustment under U.S.S.G.

4

§ 3C1.1 may be given if the district court finds that the defendant committed perjury in his trial testimony. See United States v. Dunnigan, 507 U.S. 87, 96-97 (1993) (defendant's right to testify does not include a right to commit perjury). The district court adopted the presentence report finding that Osborne lied about not having a pager in March 1995. In addition, Osborne's testimony that he had never seen drugs and never sold them was contradicted by numerous witnesses. This evidence was more than sufficient to support the district court's finding that Osborne intentionally gave false testimony. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995).

VI.

Accordingly, we affirm Osborne's convictions and the sentence imposed by the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5