UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4352

BASHAWN LEE HANBERRY, a/k/a BO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4382

EDDIE JEROD HESTER, a/k/a E-Dog,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-94-185)

Submitted: September 30, 1997

Decided: November 19, 1997

Before HALL, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Stuart Bruce, Acting Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina; Wil-

liam C. Ingram, FLOYD & JACOBS, Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Benjamin H. White, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bashawn Lee Hanberry and Eddie Jerod Hester were convicted of conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846 (1994) and were sentenced to 375 months and 360 months in prison respectively. They appeal their sentences, contending that the district court erred in imposing a two-level increase in offense level for possession of a firearm. See U.S. Sentencing Guidelines Manual§ 2D1.1(b)(1) (1996). Finding no error, we affirm.

Appellants conspired with others to distribute crack cocaine in a housing project in Durham, North Carolina, through a social organization called the "Pimps." Several witnesses, including co-conspirators, testified regarding Appellants' participation in the conspiracy and the conspirators' regular possession of firearms in connection with drug activity. There was evidence that Hanberry purchased an AK-47 look-alike Norinco MAC-90 semiautomatic rifle at a pawn shop using an alias and possessed this firearm at a residence used for "cooking" powder cocaine into crack cocaine and distributing the cocaine to the "Pimps." Police recovered this rifle and ammunition from Hanberry's residence upon execution of a search warrant.

With respect to Hester, there was evidence closely linking him with the "Pimps" and Hanberry's drug distribution activities. At least one officer testified at trial that during a traffic stop, he seized crack

2

cocaine and two firearms from a vehicle driven by Hester. The weapons belonged to two passengers in the vehicle, who were members of the "Pimps." Officers stopped the vehicle because shots had recently been fired at officers in the neighborhood. The evidence disclosed that one of the weapons found in the vehicle had been recently fired. Officers also seized thirty rocks of crack cocaine as a result of the stop.

Both Appellants were initially convicted and sentenced for the conspiracy and carrying or using a firearm during or in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (1994). On direct appeal, this Court affirmed Appellants' conspiracy convictions and remanded to the district court to determine whether the § 924(c)(1) convictions should be vacated in light of Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492). See United States v. Hanberry , 1996 WL 121723 (4th Cir. Mar. 20, 1996) (Nos. 95-5110, 95-5111, 65-5118, 95-5119, 95-5120) (unpublished), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (Nos. 95-9342, 95-9459). The district court subsequently vacated the § 924(c)(1) convictions and scheduled a resentencing on the conspiracy convictions. During this sentencing, over Appellants' objections, the court imposed a two-level increase in offense level under USSG § 2D1.1 in sentencing both Appellants for possession of a firearm during the drug conspiracy.

Appellants contend that the district court erred in increasing their base offense levels for possession of a firearm because the Government did not prove a sufficient nexus between possession of a firearm and drug activity. The Government must only prove that an enhancement is applicable by a preponderance of the evidence, and the district court's factual determinations must be upheld unless they are clearly erroneous. See United States v. Urrego-Linares , 879 F.2d 1234, 1238-39 (4th Cir. 1989). A defendant "possesses" a firearm for purposes of USSG § 2D1.1(b)(1) "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment n.3; see United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994). Additionally, a firearms enhancement is permissible if possession of a firearm by a co-conspirator was reasonably foreseeable to the defendant. United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994).

3

We find the court's imposition of the § 2D1.1 enhancement for both Appellants was supported by the evidence. Both Appellants were active participants in a conspiracy to distribute drugs. Witnesses testified that members of the conspiracy were frequently seen with firearms, in relation to the drug trafficking. Many observed Hanberry with a firearm which he himself purchased and stored at a residence used for drug distribution. Hester also played an active role in the conspiracy to distribute drugs. Furthermore, both firearms and cocaine were found in a vehicle he was driving. From this evidence, we conclude that co-conspirators' possession of firearms during the drug distribution conspiracy was reasonably foreseeable to Hester.

We therefore affirm Appellants' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4