**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4249

JAMES CURTIS RUNYON, II,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-97-156)

Submitted: February 4, 1999

Decided: March 23, 1999

Before MICHAEL and TRAXLER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory J. Campbell, CAMPBELL & TURKALY, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
John C. Parr, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Curtis Runyon, II, was convicted pursuant to his guilty plea of one count of conspiracy to possess with intent to distribute and distribute marijuana. On appeal, Runyon alleges that the district court erred by enhancing his base offense level for possession of a firearm pursuant to USSG § 2D1.1.[1] Finding no reversible error, we affirm.[2]

Runyon admitted at trial that he was a lieutenant in a large drug and money laundering conspiracy operating in West Virginia.[3] In September 1997, Runyon and another conspirator, Shawn Perkins ("Perkins"), traveled to Georgia with $80,000 to purchase 100 pounds of marijuana. On the return trip, police stopped their rental vehicle for a routine traffic violation. Perkins, who was driving the vehicle, informed the officer that there was a loaded firearm under the front passenger seat occupied by Runyon. A subsequent search of the vehicle resulted in the discovery of 99.5 pounds of marijuana and a 9mm pistol. In a later written statement to police, Perkins admitted that he purchased the firearm but claimed that he did so pursuant to Runyon's orders.

The Government need only prove that the firearms enhancement is applicable by a preponderance of the evidence, and the district court's factual determinations must be upheld unless they are clearly erroneous. See United States v. Urrego-Linares, 879 F.2d 1234, 1237-38

_____

[1] **U.S. Sentencing Guidelines Manual** (1997).
[2] The Government alleges that Runyon's notice of appeal was untimely because it was filed one day late. We disagree. The certificate of service shows that Runyon gave his notice of appeal to prison officials within the allotted time. See Houston v. Lack, 487 U.S. 266 (1988).
[3] Runyon admitted that he distributed approximately 3,600 pounds of marijuana during the course of the conspiracy.

(4th Cir. 1989). In addition, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, application note 3.

Runyon alleges on appeal that the evidence was insufficient to support the enhancement. Specifically, Runyon asserts that Perkins' statement to police is unreliable because Perkins was not available for cross-examination and the probation officer's testimony concerning Perkins' statement was hearsay.[4] Runyon's position is without merit. Even if Perkins' statement that Runyon asked him to purchase the weapon was inadmissible, any error in its admission was harmless because Perkins' unchallenged admission that he possessed the firearm provided a sufficient basis to impose the enhancement. It is well-settled that members of a conspiracy may be held liable for the acts of co-conspirators which are reasonably foreseeable, and this principle applies to the firearm enhancement in USSG § 2D1.1. See United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994); United States v. Nelson, 6 F.3d 1049, 1055-56 (4th Cir. 1993). The district court correctly concluded that, under the circumstances, it was reasonably foreseeable to Runyon that a weapon would be present in the vehicle.[5]

We therefore affirm Runyon's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[4] Perkins was unavailable to testify at trial because he was in custody in Georgia and faced the probability of prosecution if he returned to West Virginia.

[5] Specifically, the record shows that Runyon and Perkins were traveling from West Virginia to Georgia, carrying $80,000 in cash, to engage in a large drug transaction with persons with whom they had never dealt with in the past. See generally United States v. White, 875 F.2d 427, 433 (4th Cir. 1989) (it is reasonably foreseeable that weapons will be present during drug transactions).

3