UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 98-4695

ROBERT PRICE, JR., a/k/a Rocky,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-97-119)

Submitted: March 23, 1999

Decided: May 6, 1999

Before ERVIN and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS,
P.C., Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Donald R. Wolthuis, Assistant United States Attor-
ney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to a written plea agreement, Robert Price, Jr., pleaded guilty to two counts of distribution of cocaine and six counts of distribution of crack cocaine, in violation of 21 U.S.C.§ 841(a)(1) (1994). Price was sentenced to 142 months' imprisonment (eight concurrent terms), eight years' supervised release, and an $800 special assessment. On appeal, Price contends that the district court erred in awarding a two-level enhancement to his base offense level under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995), for possession of a firearm and that the Government failed to prove at sentencing that the drugs were in fact crack cocaine, as opposed to some other form of cocaine base. Finding no error, we affirm.

We find that the district court's finding that Price possessed a dangerous weapon in connection with the offense was not clearly erroneous. See United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994) (providing standard). Price had dominion and control over the vehicle, notwithstanding that the vehicle was not registered or titled to him. Price was frequently observed driving the BMW by members of the Martinsville police department; documents recovered from the search of his residence revealed that Price spent several thousands of dollars on expenditures for the BMW; and Price repeatedly referred to the BMW as his during conversations with the confidential informant. The drugs Price sold the confidential informant on May 22, 1997, were retrieved from the BMW. Last, at the time of the search, two scales commonly used to weigh drugs were also found in the trunk of the BMW with the guns. We conclude that the weapons were present and it was not clearly improbable that the weapons were related to the offenses. See § 2D1.1(b)(1), comment. (n.3).

We also find that the district court did not err in sentencing Price in accordance with the guideline penalties for crack cocaine. The evi-

2

dence in this case is unambiguous--the record discloses no indication that the cocaine attributed to Price in Counts III-VIII was any form of cocaine base other than crack. See United States v. Hall, 109 F.3d 1227, 1235-36 (7th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3258 (U.S. Oct. 6, 1997) (No. 96-9561). The written plea agreement specifically stipulated that Price's sentence would be based on "less than 50 grams of cocaine base, (crack cocaine)," and the plea agreement also provided that Price stipulated that there was a sufficient factual basis to support each and every material allegation contained in the indictment. The indictment for Counts III-VIII in this case indicated that Price was charged with distribution of"cocaine base, also called `crack'." Moreover, Price stated at the plea colloquy that he understood that he was charged in Counts III-VIII with distribution of crack cocaine and that he was in fact guilty of those offenses. In addition, the confidential informant, who had been using and selling cocaine for more than eight years and in 1997 had began working as a confidential informant for the Martinsville police department, testified that on two occasions he purchased cocaine powder from Price and that on six occasions he purchased crack cocaine from Price. See United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976) (holding that lay testimony and circumstantial evidence is sufficient, in and of itself, to establish identity of controlled substances). Finally, Price offered no proof that the drugs were any other form of cocaine base.

Accordingly, we affirm Price's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3