**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4039

ERNEST BROWN, a/k/a Rock,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-97-15-MJG)

Submitted: May 28, 1999

Decided: September 17, 1999

Before HAMILTON and MOTZ, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald H. Feige, Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Jamie M. Bennett, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Ernest Brown was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute heroin and cocaine, 21 U.S.C. § 846 (1994), five counts of possession with intent to distribute heroin and cocaine, 21 U.S.C.§ 841(a)(1) (1994), one count of being a felon in possession of firearm, 18 U.S.C. § 922(g)(1) (1994), and one count of being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1). On appeal, Brown contends that the court erred by: (1) finding that he was responsible for more than 15 kilograms of cocaine for sentencing purposes; (2) enhancing the base offense level due to his role in the offense; and (3) enhancing the base offense level due to possession of weapon. Brown also contends the evidence was insufficient to support his conviction.

We find that the district court did not clearly err by concluding that Brown was responsible for more than 15 kilograms of cocaine. See United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992). We also find that the district court did not err by finding that Brown was an organizer or leader of a conspiracy involving five or more persons. Brown engaged in much of the conduct indicative of someone who can be described as an organizer or leader. See United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995). The firearms provided by Brown that were possessed by two co-conspirators clearly warranted the enhancement for possession of a dangerous weapon. See United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994). Finally, the evidence was sufficient to sustain the convictions. See Glasser v. United States, 315 U.S. 60, 82 (1942); United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993).

Accordingly, we affirm Brown's convictions and sentences. We deny Brown's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED