UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

JEAN VIVALDY JASMIN,
　　　　　　　*Defendant-Appellant.*

No. 01-4790

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-00-67)

Submitted: September 19, 2002

Decided: September 26, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John M. Ervin, III, Darlington, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jean Vivaldy Jasmin pled guilty to conspiracy to possess more than five kilograms of cocaine and more than fifty grams of cocaine base (crack) in violation of 21 U.S.C. § 846 (2000), and received a sentence of 168 months imprisonment. Jasmin contends on appeal that the district court clearly erred in making a two-level sentence enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). We affirm.

Jasmin and a co-defendant, Aaron Dorfman, drove from Miami, Florida, to Florence, South Carolina, on May 9, 2000, to deliver a supply of cutting agent and pick up money from drug dealer Johnny Joseph, also a co-defendant. Jasmin admitted that he went into a bedroom in the house occupied by Joseph and helped count and wrap $29,000 in cash, then brought a car speaker into the room. After the money was hidden in the speaker, Jasmin and Dorfman began the drive back to Miami. A search warrant was executed at the house in Florence the next day. Nine ounces of powder cocaine, 1.5 ounces of crack, and one ounce of marijuana were seized, as well as drug paraphernalia and a 9mm handgun. Dorfman testified in a related trial that he had seen a 9mm pistol on the dresser in the bedroom while Jasmin and Joseph were counting the money. Jasmin denied seeing a gun. We conclude that Jasmin failed to show that his co-defendant's possession of a firearm was not reasonably foreseeable to him. *See United States v. Kimberlin*, 18 F.3d 1156, 1160 (4th Cir. 1994) (absent exceptional circumstances, co-defendant's possession of firearm is reasonably foreseeable when joint criminal activity involves large amounts of drugs and cash) (internal quotation omitted); *see also United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997) (proximity of guns to illegal drugs can support enhancement under § 2D1.1(b)(1)).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*