UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                  No. 02-4158

BRENDA KAY JEFFREYS, a/k/a Kay,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-16)

Submitted: September 19, 2002

Decided: September 30, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bridgett B. Aguirre, AGUIRRE LAW OFFICE, P.A., Fuquay-Varina, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Brenda Kay Jeffreys pled guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (2000), as well as three counts of possession of crack with intent to distribute, and two counts of distributing crack, all in violation of 21 U.S.C. § 841. She received a sentence of life imprisonment. Jeffreys appeals her sentence, contending that the district court clearly erred in making an enhancement for possession of a dangerous weapon during the offense, *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000), and in finding that she was a leader in an offense involving more than five participants. USSG § 3B1.1(a). We affirm.

The evidence before the district court, as presented in the presentence report and summarized by an investigator for the government at sentencing, was that around 1996 Jeffreys took over the drug business of two dealers who had been arrested, and that at least five or six persons sold crack for Jeffreys during the conspiracy. In August 1999, a search was executed at Jeffreys' house during which a handgun was found in a dresser drawer in her bedroom; also in the room were small amounts of cocaine, crack, marijuana, nearly $4000 in cash, two crack pipes, and a razor. In December 1999, Jeffreys and co-defendant Aroz Bridges were stopped after a confidential informant informed authorities that Jeffreys was about to make a delivery of crack. From Jeffreys' car authorities seized 55.4 grams of crack, a small amount of marijuana, $1387 in cash, and a 9mm handgun belonging to Bridges.

Absent exceptional circumstances, a co-defendant's possession of a firearm is reasonably foreseeable when their joint criminal activity involves large amounts of drugs and cash. *United States v. Kimberlin*, 18 F.3d 1156, 1160 (4th Cir. 1994). Moreover, the proximity of guns

to illegal drugs can support an enhancement under § 2D1.1(b)(1). *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997). Jeffreys contends on appeal that the firearm in her bedroom was not in sufficiently close proximity to illegal drugs to show a connection with the offense, and that Bridges' possession of a firearm in her car was not reasonably foreseeable to her. However, we conclude that the evidence was sufficient to support the enhancement. Jeffreys concedes that five or six people sold drugs for her at various times, but argues that a two-level adjustment under § 3B1.1(c) would have been more appropriate. We find that the four-level adjustment for being a leader in a larger criminal enterprise was not clearly erroneous.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*