**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4190**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALICIA PRATT,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Charles H. Haden II, District Judge.  (CR-02-165)

Submitted:  July 22, 2003                Decided:  August 6, 2003

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, P.L.L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Travis N. Gery, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following her guilty plea to one count of aiding and abetting distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000) and 18 U.S.C. § 2 (2000), Alicia Pratt was sentenced to seventy-eight months in prison.  Pratt timely appealed.

Pratt challenges the two-point enhancement imposed pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2002), which applies if a firearm was possessed during the commission of the offense.  Pratt contends that the enhancement was inappropriate because the firearms found in her apartment and upon which the enhancement were based, belonged to her co-conspirator and were not reasonably foreseeable to her because she had told him not to bring guns into the apartment and she was unaware of their presence.  We have held that a defendant may be accountable for firearms possessed by another person involved with her in a joint criminal activity concerning drug trafficking without requiring that the government establish that the defendant knew the weapons were present, because the presence of weapons in this situation is reasonably foreseeable.  United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994).  Under the circumstances in this case, we find that the district court did not clearly err in imposing the enhancement.  See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (standard of review).

2

Accordingly, we affirm Pratt's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3