<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4584**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE ISIAIS FERNANDEZ, a/k/a Chesperito, a/k/a Picapiedra, a/k/a Esquivel Madrazo Aquiles,

Defendant - Appellant.

———————

**No. 11-4650**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGEL FLORES, a/k/a Don Angel,

Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:10-cr-00370-CMH-6; 1:10-cr-00370-CMH-7)

———————

Submitted:  March 27, 2012        Decided:  April 5, 2012

———————

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————————

Keith Nelson Hurley, KEITH N. HURLEY, P.C., Richmond, Virginia; Andrew Michael Stewart, DENNIS & STEWART, PLLC, Arlington, Virginia, for Appellants. Neil H. MacBride, United States Attorney, Lisa Owings, Assistant United States Attorney, Mazen M. Basrawi, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Isiais Fernandez and Angel Flores appeal their convictions and sentences after a jury convicted them of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). On appeal, they contend that the evidence was insufficient to prove that they knowingly conspired to distribute cocaine, and the district court erred in finding that they possessed a dangerous weapon under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2010). We affirm.

We review challenges to the sufficiency of evidence de novo. United States v. Roe, 606 F.3d 180, 186 (4th Cir.), cert. denied, 131 S. Ct. 617 (2010). We are obliged to sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence. United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008). Substantial evidence in the context of a criminal action is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

A defendant bringing a sufficiency challenge bears a "heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). In evaluating the sufficiency of evidence, we do not review the credibility of witnesses and assume the jury

3

resolved all contradictions in the testimony in favor of the Government. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). "Reversal for insufficient evidence is reserved for the rare case 'where the prosecution's failure is clear.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

To prove Defendants participated in a drug conspiracy, the Government had to prove (1) an agreement between two or more persons to engage in conduct violating a federal drug law, (2) Defendants' knowledge of the conspiracy, and (3) Defendants' knowing and voluntary participation in the conspiracy. United States v. Kellam, 568 F.3d 125, 139 (4th Cir. 2009). After a conspiracy is shown to exist, the evidence need only establish a slight connection between a defendant and the conspiracy to support conviction. Id. "It is of course elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities." United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). Proof of an agreement may be inferred from circumstantial evidence. Burgos, 94 F.3d at 858. "[E]ven the uncorroborated testimony of a co-conspirator may be sufficient to support a guilty verdict for conspiracy." United States v. Yearwood, 518 F.3d 220, 226 (4th Cir. 2008).

4

We review challenges to a district court's enhancement under USSG § 2D1.1(b)(1) for clear error. United States v. Manigan, 592 F.3d 621, 630-31 (4th Cir. 2010). A two-level enhancement applies "if a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). The enhancement reflects the increased danger of violence when drug traffickers possess weapons and should be applied "unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.3. The Government had to prove it was more probable than not that the Defendants possessed the firearm "in connection with the common scheme or plan of [their] drug activities." Manigan, 592 F.3d at 631. Proof of constructive possession is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden. Id. at 629. Moreover, the enhancement may be applied where a co-conspirator possessed the firearm and the possession was a reasonably foreseeable act in furtherance of the conspiracy. See United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994).

We have reviewed the record and conclude that the evidence was sufficient to support Defendants' convictions. We further conclude that the district court did not clearly err in finding Defendants possessed a dangerous weapon pursuant to USSG § 2D1.1(b)(1) and in applying the two-level enhancement.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED