**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4670**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

    v.

DERRICK DONNELL MABRY, a/k/a Mayberry,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
Chief District Judge.   (5:12-cr-00275-D-1)

Submitted:  May 29, 2014              Decided:  June 16, 2014

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Terry F. Rose, Smithfield, North Carolina, for Appellant.
Thomas G. Walker, United States Attorney, Jennifer P.
May-Parker, Kristine L. Fritz, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Donnell Mabry appeals from his 258-month sentence. He asserts that the district court erred in applying an enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2012), for possession of a firearm in connection with drug activity. We affirm.

The firearms in question were recovered from a storage unit rented by Mabry's co-conspirator. Mabry argues that the district court erred in applying the enhancement under USSG § 2D1.1(b)(1), because there was insufficient evidence that he possessed the firearms or that the firearms were connected to the drug activity for which he was convicted. In assessing a challenge to the district court's application of the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010).

Section 2D1.1(b)(1) of the Guidelines directs a district court to increase a defendant's offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed." The enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), even in the

2

absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks omitted). "[P]roof of constructive possession of the [firearm] is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." Manigan, 592 F.3d at 629. The defendant bears the burden to show that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." Harris, 128 F.3d at 852-53.

Without citing any case law, Mabry argues that it is insufficient under USSG § 2D1.1(b)(1) to show that it was reasonably foreseeable to Mabry that his co-conspirator would possess the firearms. Instead, Mabry avers that it is necessary to show that he himself possessed a weapon in connection with his drug activity. However, Mabry is mistaken.

We have held that weapons possessed by a member of a conspiracy are attributable to a co-conspirator when, "under the circumstances of the case, it was fair to say that it was reasonably foreseeable to defendant that his co-participant was in possession of a firearm." United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994) (internal quotation marks and alteration omitted) (upholding application of enhancement under USSG § 2D1.1(b) based on co-conspirator's possession of the

3

firearm). Moreover, a co-conspirator's possession of a dangerous weapon is foreseeable when "their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." United States v. Gomez-Jiminez, __ F.3d __, 2014 WL 1623072, at *8 (4th Cir. Apr. 29, 2014). Given Mabry's admitted conspiracy, his close relationship with his co-conspirator, their joint and frequent trips to the storage units, and the large scope of their drug activity, it was "fairly inferable that [his] codefendant's possession of [the firearms] [was] foreseeable to [him]." Kimberlin, 18 F.3d at 1160 (internal quotation marks omitted).

In fact, Mabry does not dispute either that his co-conspirator possessed firearms or that the co-conspirator's possession was foreseeable. He does, however, argue that there was no evidence that either he or his co-conspirator used the firearms in any drug transaction or that the firearms were readily available during a drug transaction. Nonetheless, Mabry has failed to present an argument that the connection between the firearms and the drug conspiracy was "clearly improbable," and "[t]here is nothing in the record to suggest that the weapons were unconnected to the offense." See Gomez-Jiminez, 2014 WL 1623072, at *8-9. Moreover, the record supports the connection: Mabry and his co-conspirator participated in a large scale drug conspiracy; the firearms (assault weapons) were in a

4

storage unit, visited almost daily by Mabry and his co-conspirator; another storage unit, containing ammunition for the firearms, also housed cash, drug paraphernalia, and heroin; finally, three assault weapons were found near two sets of body armor, indicating a offensive capacity and tangible preparation for a defense of themselves and the drug proceeds. As such, we find that the court's factual finding that the weapons were connected to the drug trafficking conspiracy was not error.

Accordingly, we affirm Mabry's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED