# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-4161

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLARD LEE MOSS, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:18-cr-00039-IMK-MJA-1)

Submitted: April 2, 2020                     Decided: April 22, 2020

Before WILKINSON and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Senior Litigator, Clarksburg, West Virginia, Kristen Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Martinsburg, West Virginia, David J. Perri, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willard Lee Moss, Jr., was convicted by a jury of possessing a firearm after having been convicted of misdemeanor domestic violence, 18 U.S.C. § 922(g)(9) (2018), and was sentenced to 27 months' imprisonment. He appeals, arguing that a fatal variance existed between the date of the offense charged in the indictment and the proof at trial and that his sentence is procedurally unreasonable. Moss has also filed a supplemental brief challenging his conviction in light of *Rehaif v. United States,* 139 S. Ct. 2191 (2019) (holding that the government must prove not only that a defendant charged under 18 § 922(g) knew he possessed a firearm, but also that he knew he belonged to a class of persons barred from possessing a firearm). We affirm.

The indictment charged that "[o]n or about February 15, 2018," Moss knowingly possessed five specified firearms after having been convicted of misdemeanor domestic violence offenses. At trial, the Government presented the testimony of a social worker who saw a firearm at Moss' residence on two occasions during home visits in December 2017. Based on her observations, a search warrant was issued for Moss' home; execution of that search warrant on February 15, 2018, recovered the five firearms listed in the indictment. The jury found Moss guilty. He then filed a motion pursuant to Fed. R. Crim. P. 29 seeking a judgment of acquittal or a new trial, arguing that there was a fatal variance between the date of the offense charged in the indictment and the dates proved at trial. The district court denied the motion.

Based on a total offense level of 18 and a criminal history category of I, Moss' advisory Guidelines range was 27 to 33 months' imprisonment. The court imposed a sentence at the bottom of the range. Moss timely noted an appeal.

We review the denial of a Rule 29 motion de novo. *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). A fatal variance—also known as a constructive amendment—occurs when the government (through argument or presentation of the evidence) or the district court (through jury instructions) "broadens the bases for conviction beyond those charged in the indictment," effectively amending the indictment to allow the defendant to be convicted of a crime other than the one charged, in violation of his Fifth Amendment right to be tried only on the charges made by the grand jury in the indictment. *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999). A constructive amendment is error per se, and it must be corrected on appeal. *Id.* (citing *United States v. Floresca*, 38 F.3d 706, 712-13 (4th Cir. 1994) (en banc)). But divergence between the charges and the government's proof is not automatically a constructive amendment or fatal variance; when the facts proven at trial support a finding that the defendant committed the charged crime, and the allegations in the indictment differ in some way not essential to that conclusion, a mere variance occurs. *See United States v. Miltier*, 882 F.3d 81, 93 (4th Cir.), *cert. denied*, ___ U.S.L.W. ___ (U.S. Oct. 1, 2018) (No. 17-9189); *United States v. Allmendinger*, 706 F.3d 330, 339 (4th Cir. 2013). A variance violates the defendant's Fifth Amendment rights only if it prejudices him by surprising him at trial and hindering his defense, "or by exposing him to the danger of a second prosecution for the same offense." *Allmendinger*, 706 F.3d at 339 (internal quotation marks omitted). In considering a constructive

3

amendment or fatal variance claim, the key inquiry is whether the defendant has been tried on charges other than those in the indictment. *See United States v. Moore*, 810 F.3d 932, 936 (4th Cir. 2016); *Allmendinger*, 706 F.3d at 339.

Moss contends that a fatal variance occurred because the Government charged that he possessed the firearms on February 15, 2018, but only provided evidence that he had done so in December 2017. Moss claims that this prejudiced him because his alibi defense was that he could not have possessed the firearms on February 15 as he was in jail on that date. Moss' argument fails for two reasons. First, as the district court properly noted, dates are not an element of the crime. *See United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994); *see also United States v. Benson*, 591 F.3d 491, 497 (6th Cir. 2010) (holding that "[w]hen an indictment uses the language 'on or about,' a constructive amendment does not exist when 'the proof offered regards a date reasonably near the date alleged in the indictment'"). Second, Moss cannot claim that he was "surprised" at trial, thus hindering his defense, because the Government disclosed its continuous possession theory of its case at a pretrial conference. We conclude that Moss was not subjected to a fatal variance and that the district court did not err in denying his Rule 29 motion for judgment of acquittal or a new trial.

Next, Moss contends that his sentence is procedurally unreasonable because the district court failed to consider all the relevant statutory factors and placed undue weight on Moss' obstruction of justice. This court reviews sentences for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In doing so, we first examine

4

the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) (2018) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Lymas,* 781 F.3d at 111-12 (quoting Gall, 552 U.S. at 51).

We have reviewed the record, including the transcript of Moss' sentencing hearing and find that his sentence is procedurally reasonable. The district court properly calculated Moss' advisory Guidelines range and, although the judge did not specifically cite the § 3553(a) factors, the transcript reveals that she did consider them, and more.[*] Moss does not challenge the substantive reasonableness of his sentence.

After Moss filed his opening brief, the Supreme Court issued *Rehaif v. United States*, 139 S. Ct. 2191 (2019), holding that, in order to convict a defendant of a § 922(g) offense, the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194. Moss has filed a supplemental brief asserting error under *Rehaif*. Because Moss did not raise this issue below, review is for plain error. Fed. R. Crim. P. 52(b). *See United States v. Gary*, ___F.3d___, 2020 WL 1443528 (4th Cir. Mar. 25, 2020) (No. 18-4578).

"To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 91 (4th Cir. 2020) (en banc). If Moss satisfies these

---

[*] Moss does not challenge the substantive reasonableness of his sentence.

three prongs, we will only correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). In *Gary*, we held that a "*Rehaif* error" is a "structural error that affects the substantial rights of the defendant." *Gary*, 2020 WL 1443528 at *4. This court noted in *Gary* that "the phrase 'affects substantial rights' means that 'the error must have been prejudicial' – that is, '[i]t must have affected the outcome of the district court proceedings.'" *Id.* at *5. We concluded that, in the context of a guilty plea, Gary's plea was not voluntary and "intelligent" because a criminal defendant must "first receive[] 'real notice of the true nature of the charge against him.'" *Id.*

We find—and the Government concedes—that Moss meets the first two prongs of plain error. However, given Moss' testimony at trial, he cannot show structural error and, therefore, fails to meet the plain error standard. During his direct testimony, Moss stated that he was well aware of his prohibited status because of his prior convictions. Accordingly, we find that Moss cannot show plain error.

Based on the foregoing, we affirm Moss' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6