**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4934

MARTIN FITZGERALD WINFRED
CAVINESS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4950

LAWRENCE WOODARD,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4969

MICHAEL ANTION DAVIS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4103

THEODORE ARTHUR SEARCY,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-96-109-R, CR-97-20)

Submitted: June 1, 1999

Decided: June 21, 1999

Before HAMILTON, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas Marvin Blaylock, Roanoke, Virginia; Randy V. Cargill,
MAGEE, FOSTER, GOLDSTEIN & SAYERS, Roanoke, Virginia;
Anthony F. Anderson, Melissa Friedman, Roanoke, Virginia; Law-
rence J. Fine, Winston-Salem, North Carolina, for Appellants. Robert
P. Crouch, Jr., United States Attorney, Karen B. Peters, Assistant
United States Attorney, Thomas E. Booth, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Martin Caviness, Lawrence Woodard, Michael Davis,
and Theodore Searcy were convicted of conspiracy to distribute

2

cocaine powder in violation of 21 U.S.C.A. § 846 (West Supp. 1999). In their consolidated appeals, they raise several claims of error arising from their trial and sentencing. Having reviewed the briefs and records of the trial proceedings, we find no error. Accordingly, we affirm.

Appellant Searcy first assigns error to the district court's denial of his motion for acquittal pursuant to FED. R. CRIM. P. 29(a). In support of this claim Searcy asserts that because he conspired only with a government agent, the Government's case was insufficient as a matter of law. Because the evidence reflects that Searcy conspired with at least one person not a government agent, the district court did not err in denying his motion for acquittal.

Searcy next assigns error to the decision of the district court to admit an audiotape of a telephonic conversation between himself and a government agent. A district court's admission of a tape recording is reviewed for an abuse of discretion and will only be overturned if the "foundation for admission is clearly insufficient to insure the accuracy of the recording." United States v. Wilson, 115 F.3d 1185, 1188 (4th Cir. 1997) (quoting United States v. Capers, 61 F.3d 1100, 1106 (4th Cir. 1995)). Having reviewed the record, we are satisfied that the accuracy of the recording was sufficiently guaranteed.

Appellants Searcy and Davis each challenge the district court's attribution of the relevant amounts of cocaine to them for sentencing purposes. A district court's drug quantity finding is reviewed by this court for clear error. See United States v. Lamarr, 75 F.3d 964, 972-73 (4th Cir. 1996). Evidence adduced at the trial sufficiently tied both Searcy and Davis to the conspiracy and to the relevant quantities of cocaine powder attributed to each. Accordingly, we find no error in the district court's sentencing of either appellant.

Appellants Caviness and Woodard assign error to the district court's denial of their motions for acquittal pursuant to FED. R. CRIM. P. 29(a). Specifically, they assert that the Government failed to establish they were participants of the conspiracy. We disagree. The evidence firmly attaches both Caviness and Woodard to a conspiracy to purchase two kilograms of cocaine powder. Therefore, we affirm the district court's findings with respect to these claims.

3

Caviness and Woodard also assign error to the district court's decision declining to grant a mistrial because of the prosecutor's reference to the "undisputed" evidence. The Fifth Amendment commands that we must reverse a conviction if it can be said that offending language was "manifestly intended to be, or [is] of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." United States v. Anderson, 481 F.2d 685, 701 (4th Cir. 1973). Because the comments in question do not rise to the standard set forth in Anderson, a mistrial was not warranted.

Finally, Appellant Caviness assigns error to the district court's enhancement of his sentence for possession of a firearm during the commission of the offense. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997). A defendant may be held liable for the possession of a firearm by a co-conspirator during the conspiracy if the possession was reasonably foreseeable by the defendant. See United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994). We find the possession was reasonably foreseeable to Caviness.

Having considered each of Appellants' claims and finding them to be without merit, we affirm the convictions and sentences imposed by the district court. We deny Appellants' motions to file supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED