UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4911

ALONZO GEORGE ROBINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-98-194)

Submitted: August 19, 1999

Decided: September 2, 1999

Before WIDENER and KING, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Robert A. J. Lang, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alonzo George Robinson pled guilty to conspiracy to possess cocaine hydrochloride and cocaine base ("crack") with intent to distribute, <u>see</u> 21 U.S.C. § 846 (1994), and was sentenced to a term of 113 months imprisonment. He contends on appeal that the district court clearly erred in enhancing his sentence under <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(b)(1) (1998), because he did not personally possess or use firearms during the offense. We affirm.

Robinson was hired by James Mason to drive co-conspirator Michael Hardy from New York to North Carolina. Two more conspirators followed in a second car. Hardy was in possession of crack and powder cocaine and was accompanied by Courtney Campbell. When the group arrived in Winston-Salem, North Carolina, Hardy rented a motel room. Some of the drugs were distributed to co-conspirator Aaron Battle, but shortly thereafter Hardy and Battle were robbed of a large amount of crack. When Mason was informed of the robbery, he arranged for Rico Garner, another conspirator who was in Charlotte, North Carolina, to bring a number of firearms to Winston-Salem for Hardy and Battle to use to retaliate for the robbery. Garner brought the firearms to the motel, then stayed there with Robinson while Hardy, Battle, and Campbell went out to find the robbers. Later that night, Hardy, Battle, and Campbell were arrested. Early the next morning, Garner was arrested with a kilogram of cocaine and nearly a kilogram of crack outside the motel. A few hours later, Robinson was arrested at the motel.

At sentencing, Robinson argued that the firearms were not relevant conduct as to him because--as the government explained--it was Mason's policy that his couriers should not possess firearms while transporting drugs. Therefore, Robinson argued, it was not reasonably foreseeable to him that he would be involved with firearms. The dis-

2

trict court found that, when Robinson agreed to drive for Mason, he could not reasonably foresee that firearms would play a part in the criminal activity he was undertaking. However, the court also found that Robinson failed to withdraw from the conspiracy when firearms were brought into it. The court found that Robinson's continued involvement from that time forward made the enhancement appropriate. On appeal, Robinson maintains that the district court's ruling was clearly erroneous because his agreement with Mason did not encompass the use of firearms, he could not reasonably foresee the presence of firearms, and he did not transport, possess, or use the firearms.

Under USSG § 1B1.3(a)(1)(B), a defendant who engages in criminal activity in concert with others is accountable for all reasonably foreseeable acts and omissions of the others in furtherance of the jointly undertaken criminal activity. Under USSG§ 2D1.1(b)(1), a defendant convicted of a drug offense receives a two-level enhancement if a firearm or any other dangerous weapon is present during the offense, unless it is clearly improbable that the weapon is connected to the offense. We have held on more than one occasion that weapons have become "tools of the trade" in illegal drug trafficking, see United States v. White, 875 F.2d 427, 433 (4th Cir. 1989) (citation omitted), and thus their presence is generally foreseeable. See United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994).

Robinson claims that exceptional circumstances were present in his case which gave him a reasonable expectation that no firearms would be present. However, the evidence was only that Mason was prudent enough to forbid his couriers to carry firearms while transporting drugs. Mason clearly had no scruples about employing firearms when he deemed it necessary. Even if Robinson did not foresee the presence of firearms because of his past experience of transporting drugs for Mason without incident, he produced no evidence that his decision to participate in the conspiracy was premised on a blanket expectation that no firearms would be used.

Moreover, as the district court found, Robinson continued his participation in the conspiracy even after firearms were brought into it. Consequently, we can discern no basis for a finding that the firearms were not relevant conduct in Robinson's case. Because firearms were

3

present and were connected to the drug offense, the enhancement was required and the district court did not clearly err in making it.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4