UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4488

MARIO SALAS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-98-166)

Submitted: March 31, 2000

Decided: April 17, 2000

Before MURNAGHAN, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Peter D. Eliades, MARKS & HARRISON, Hopewell, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Nicholas S. Alti-
mari, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mario Salas appeals his conviction for conspiracy to distribute heroin in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Finding no reversible error, we affirm.

Salas first contends that insufficient evidence supports his conspiracy conviction. We initially reject his arguments attacking the credibility of his co-conspirators' testimony. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied , 525 U.S. 1141 (1999); United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993). Moreover, we find that when taking the view most favorable to the Government, substantial evidence supports his conviction. See Glasser v. United States, 315 U.S. 60, 80 (1942) (stating standard). The record demonstrates that Salas solicited the efforts of several individuals to transport drugs and money between New York City and Richmond, Virginia, ordered the purchase of a firearm used in the conspiracy, and instructed another co-conspirator to conceal heroin in a child respirator. Additionally, one co-conspirator testified to having witnessed Salas purchase drugs from his supplier and then later conceal drugs in candles. We find that these acts were in furtherance of a conspiratorial agreement and sufficiently proved that Salas knew about the conspiracy and knowingly and voluntarily participated in it. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (stating elements of conspiracy to distribute narcotics).

Salas also contends that the district court erred in enhancing his offense level pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1998) for possession of a firearm during the commission of a drug offense. Co-conspirators testified at trial that Salas ordered them to purchase the firearm that was eventually seized at an apartment from which the conspiracy distributed heroin. The district court did not clearly err in applying this sentence enhancement because the possession of the firearm was in furtherance of the conspiracy and was reasonably foreseeable by Salas. See United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994).

Salas also challenges the district court's application of U.S.S.G. § 3B1.1(a) for his role in the conspiracy. Contrary to his argument on

2

appeal, evidence at trial sufficiently established Salas as an organizer and leader of the conspiracy. Five co-conspirators testified that Salas recruited them to transport drugs and money between New York City and Richmond, Virginia. See U.S.S.G. § 3B1.1 comment. (n.4). Furthermore, one co-conspirator testified that Salas, in addition to being the leader of the conspiracy, acquired the heroin the conspiracy distributed. Accordingly, the district court committed no clear error in applying this enhancement.

Finally, Salas challenges the district court's application of U.S.S.G. § 3B1.4 for use of a minor to commit a crime. Evidence at trial established that co-conspirators traveled with children during some of the drug runs to Richmond in an effort to avoid detection and apprehension. See U.S.S.G. § 3B1.4. Because Salas recruited these conspirators and actively controlled these drug runs we find that the enhancement was not clear error.

Accordingly, we affirm Salas' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3