UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

DAVID MICHAEL BECKFORD, a/k/a Striker,

  *Defendant-Appellant.*

No. 03-4291

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-00-253-PJM)

Submitted: February 19, 2004

Decided: April 6, 2004

Before KING, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paula M. Junghans, James M. Sullivan, PIPER RUDNICK LLP, Washington, D.C., for Appellant. Thomas M. DiBiagio, United States Attorney, Mythili Raman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

David Michael Beckford appeals his conviction of one count of conspiracy to distribute and to possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846 (2000), and his sentence. We affirm.

Beckford first argues that the district court erred in admitting evidence of his 1993 arrest for possession with intent to distribute marijuana under Fed. R. Evid. 404(b). We review a district court's determination of the admissibility of evidence under Rule 404(b) for abuse of discretion. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990). Our review of the record convinces us that the district court did not abuse its discretion in admitting the evidence of Beckford's prior arrest.

Beckford also argues that, in determining his sentence under the Guidelines,* the district court erroneously applied a two-level enhancement of his offense level for use of a firearm during the course of the conspiracy. Section 2D1.1(b)(1) provides for a two-level increase in offense level for offenses involving drugs "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). The commentary accompanying § 2D1.1(b)(1) notes that the enhancement "reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), comment. (n.3). "In order to prove that a weapon was present, the Govern-

---

*\*U.S. Sentencing Guidelines Manual* (2002)

ment need show only that the weapon was possessed during the relevant illegal drug activity." *United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001). The district court's enhancement under § 2D1.1(b)(1) is reviewed for clear error. *Id.*

The Guidelines define relevant conduct to include, in the case of a jointly undertaken criminal activity, all reasonably foreseeable acts of others in furtherance of that activity. USSG § 1B1.3(a)(1)(B). The presence of guns to perpetrate illicit drug activity typically is reasonably foreseeable. "Absent evidence of exceptional circumstances, . . . it [is] fairly inferable that a codefendant's possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." *United States v. Kimberlin*, 18 F.3d 1156, 1160 (4th Cir. 1994) (internal quotation and citation omitted). We have reviewed the record and conclude that the district court did not commit clear error in finding that firearms were possessed by Beckford's co-conspirators and that such possession was reasonably foreseeable to Beckford. The two-level enhancement was properly applied.

We accordingly affirm Beckford's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*