**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4491

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUIS SIERRA-GONZALEZ, a/k/a Jose Luis Sierra-
Gonzalez, a/k/a Luis Sierra Gonzalez, a/k/a
Abraham Morales Garcia, a/k/a Alraham Alfons
Garcia-Morales,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville. Richard L. Voorhees,
District Judge. (CR-03-46)

Submitted: January 11, 2006      Decided: February 7, 2006

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark P. Foster, Jr., NIXON, PARK, GRONQUIST & FOSTER, P.L.L.C.,
Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert,
United States Attorney, Charlotte, North Carolina; Amy E. Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Luis Sierra-Gonzalez pled guilty to three counts of possession of controlled substances with intent to distribute and one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and methamphetamine. Following a jury trial, he was found guilty of possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm while being an alien illegally in the United States.

At sentencing, the district court overruled Sierra-Gonzalez's objections to the increased penalty applicable due to his prior drug conviction and the probation officer's failure to credit him with the three-level reduction for acceptance of responsibility. Because Sierra-Gonzalez had a prior felony drug conviction, he was subject to the twenty-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) (2000). The district court sentenced him to 240 months on the controlled substance offenses and the related firearm charge and a consecutive 60-month term for possession of a firearm by an illegal alien.

Sierra-Gonzalez first contends that the district court erred in denying his motion for judgment of acquittal on the firearm charges. We find that the evidence that Sierra-Gonzalez traded drugs for the firearm was sufficient to constitute "use" of a firearm in relation to a drug trafficking offense. See Smith v.

United States, 508 U.S. 223, 241 (1993); United States v. Garnett, 243 F.3d 824, 829 (4th Cir. 2001).

To the extent that there was a variance between the indictment, which charged the using and carrying of a firearm "on or about August 21, 2003," and the evidence, which proved only that the exchange of drugs for the firearm occurred some time during August 2003, we find this to be a minor variance. "'Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required.'" United States v. Kimberlin, 18 F.3d 1156, 1158-59 (4th Cir. 1994) (quoting United States v. Morris, 700 F.2d 427, 429 (1st Cir. 1983)).

Moreover, notwithstanding the transfer of drugs for the firearm, we find that there was sufficient other evidence, viewed in the light most favorable to the Government, that Sierra-Gonzalez used or carried the firearm in relation to his sales of drugs. See Glasser v. United States, 315 U.S. 60, 80 (1942). Sierra-Gonzalez kept the firearm in the same place he stored his drugs and from which he sold the drugs. Also, he stated that he wanted a gun with a silencer and that he planned to kill an individual who had stolen drugs from him. Because we agree that there was sufficient evidence to support Sierra-Gonzalez's firearm convictions, we affirm the district court's denial of his motion for judgment of acquittal.

Sierra-Gonzalez next argues that his Sixth Amendment rights were violated when the sentencing court enhanced his sentence based on a prior conviction, which was not alleged in the indictment or submitted to a jury. This argument is foreclosed by United States v. Booker, 543 U.S. 220, ___, 125 S. Ct. 738, 756 (2005) ("[W]e reaffirm our holding in Apprendi[ v. New Jersey, 530 U.S. 466, 490 (2000)]: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); see Almendarez-Torres v. United States, 523 U.S. 224, 233-36 (1998).

The final issue asserted by Sierra-Gonzalez is whether the district court erred in not reducing his offense level for acceptance of responsibility. Because Sierra-Gonzalez was sentenced pursuant to the statutory mandatory minimum sentence, resolution of this issue does not affect his sentence. In any event, we find that the district court properly declined to reduce Sierra-Gonzalez's offense level for acceptance of responsibility because he failed to accept responsibility for "all of his criminal conduct." United States v. Gordon, 895 F.2d 932, 936 (4th Cir. 1990) ("[I]n order for section 3E1.1 of the guidelines to apply, a defendant must first accept responsibility for all of his criminal conduct."); see United States v. May, 359 F.3d 683, 694 (4th Cir.

2004).  Although Sierra-Gonzalez admitted his involvement in the drug charges, he pled "not guilty" and went to trial on the firearm offenses.

In conclusion, we affirm Sierra-Gonzalez's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED