**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4959**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

URIEL DOMINGUEZ-VILLEGAS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-05-54)

---

Submitted:  March 27, 2006          Decided:  September 18, 2006

---

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brian M. Aus, Durham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Uriel Dominguez-Villegas pled guilty to one count of conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846 (2000). He was sentenced to imprisonment for 151 months. On appeal, Dominguez-Villegas contends that the district court erred in its application of the sentencing guidelines. We affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47; see also United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (stating a sentence imposed within a properly calculated guideline range is presumptively reasonable). When reviewing the district court's application of the Sentencing Guidelines, this court reviews findings of fact for clear error and questions of law de novo. Green, 436 F.3d at 456. A sentence is unreasonable if based on an

error in construing or applying the Sentencing Guidelines.  <u>Id.</u> at 456-57.

In calculating the guideline range for each co-conspirator, "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense" are to be included.  USSG § 1B1.3(a)(1)(B) (2004).

Dominguez-Villegas first argues that the fourteen kilograms of cocaine seized by law enforcement officers should not have been attributed to him as there is no evidence that he was aware of the scope of the conspiracy.  This argument, however, completely disregards the sentencing testimony.  Specifically, Officer Clodfelter testified that items bearing Dominguez-Villegas's name, including a suitcase with more than $26,000 in cash, were discovered in the residence from which the fourteen kilograms were seized.  Some of this cocaine was packaged in a manner consistent with that recovered from the vehicle driven by Dominguez-Villegas.  Also, airline tickets indicated that he may have been staying at the residence for more than a week.  Therefore, we conclude the district court properly attributed the fourteen kilograms of cocaine to Dominguez-Villegas.

Likewise, Dominguez-Villegas argues that the district court erred in its application of § 2D1.1(b)(1) as it was not reasonably foreseeable that a co-conspirator would possess a firearm.[*] We have previously determined, however, that "it [is] fairly inferable that a codefendant's possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994) (alteration in original) (internal quotations omitted); see also United States v. White, 875 F.2d 427, 433 (4th Cir. 1989) (recognizing weapons have become "tools of the trade" in drug trafficking). Under these facts, we conclude the district court properly applied the firearm enhancement. Consequently, Dominguez-Villegas's sentence, imposed within the properly calculated range, is reasonable.

---

[*]He does not argue that it is clearly improbable that the firearm was connected to the drug offense, rather that it was not reasonably foreseeable to him. See USSG § 2D1.1(b)(1), comment. (n.3) (providing for a two-level enhancement when a firearm is present in a drug offense, unless it is clearly improbable that the weapon was connected with the offense).

Accordingly, we affirm Dominguez-Villegas's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED