**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4069**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MARCUS DWAYNE HILL,

              Defendant – Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:13-cr-00211-WO-1)

———————————

Submitted: July 21, 2014              Decided: July 31, 2014

———————————

Before NIEMEYER and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Brian Michael Aus, Durham, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Dwayne Hill appeals his conviction and the seventy-eight-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Hill's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court properly applied the four-level enhancement found at U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(4)(B) (2012). Hill filed two pro se supplemental briefs — in the first brief, he challenged the USSG § 2K2.1(b)(4)(B) enhancement; in the second brief, he argued that he was entitled to credit for time served in state custody for the conduct underlying the instant offense, pursuant to 18 U.S.C. § 3568 (2012). Finding no meritorious grounds for appeal, we affirm.

Both Hill and counsel question whether the district court erred in assessing the USSG § 2K2.1(b)(4)(B) enhancement since an unindicted suspect, not Hill, possessed the firearm with the obliterated serial number. Arguably, Hill has waived appellate review of the propriety of the enhancement. See United States v. Robinson, 744 F.3d 293, 298-99 (4th Cir. 2014) (discussing waiver of appellate review when defendant withdrew objection to presentence report at sentencing). Even if Hill

2

did not validly waive appellate review, however, we conclude that the district court did not plainly err in applying the enhancement. See United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008) (holding where objection not made below, review is for plain error); see also United States v. Olano, 507 U.S. 725, 732 (1993) (providing plain error standard).

Section 2K2.1(b)(4)(B) of the Sentencing Guidelines provides for a four-level enhancement where the defendant possessed a firearm with an altered or obliterated serial number. The enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." USSG § 2K2.1(b)(4) cmt. n.8(B); see United States v. Brown, 514 F.3d 256, 269 (2d Cir. 2008) (finding that USSG § 2K2.1(b)(4) imposes strict liability). Further, a defendant is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity," whether or not the criminal activity is charged as a conspiracy. USSG § 1B1.3(a)(1)(B); see United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994) (finding firearm carried by co-conspirator attributable to defendant if, under the circumstances, "it was reasonably foreseeable to defendant that his co-participant was in possession of a firearm") (internal quotation marks and brackets omitted).

3

Upon review of the record, we conclude that it was reasonably foreseeable to Hill that his co-participant in the underlying attempted breaking and entering would be carrying a firearm. Thus, the district court did not err, much less plainly err, in applying the USSG § 2K2.1(b)(4) enhancement.

As to Hill's second pro se argument, that he is entitled to credit for time served in state custody for the conduct underlying the instant offense, we conclude that Hill is not entitled to relief because the district court does not have the authority to award credit for time served. See United States v. Wilson, 503 U.S. 329, 333-37 (1992) (concluding that Attorney General, through Federal Bureau of Prisons, has sole authority to award credit for time served under 18 U.S.C. § 3585(b)(1) (2012)).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. The district court fully complied with Federal Rule of Criminal Procedure 11 in accepting Hill's guilty plea, and the sentence is both procedurally and substantively reasonable. We therefore affirm the district court's judgment. This court requires that counsel inform Hill, in writing, of his right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this

4

court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED