**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4565**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUBEN PEREZ-RUIZ, a/k/a Sarco,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:13-cr-00056-MOC-1)

_____

Submitted:  February 27, 2015          Decided:  May 6, 2015

_____

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Paul F. Herzog, PAUL F. HERZOG, P.A., Fayetteville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruben Perez-Ruiz appeals from his conviction and 200-month sentence imposed pursuant to his guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base. On appeal, Perez-Ruiz's counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but raising several issues. Although advised of his right to do so, Perez-Ruiz has not filed a supplemental brief. The Government declined to file a brief.* After a thorough review of the record, we affirm.

I.

Perez-Ruiz first asserts that he received ineffective assistance of counsel. Claims of ineffective assistance are not usually cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a 28 U.S.C. § 2255 (2012) motion. King, 119 F.3d at 295. An exception exists, however, where the record conclusively establishes ineffective

_____

* In addition, the Government has not filed a motion to dismiss based upon Perez-Ruiz's appellate waiver in his plea agreement. We decline to raise the waiver sua sponte.

2

assistance. <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir. 2006).

Perez-Ruiz contends that counsel discussed the presentence report with him in an untimely manner. However, there is no indication from the record that trial counsel rendered performance falling below an objective standard of reasonableness or that Perez-Ruiz was prejudiced. The court offered Perez-Ruiz extra time to discuss the PSR, and Perez-Ruiz stated that he was prepared to go forward. Moreover, the record does not disclose any meritorious objections that would have been aided by extra consultation. Thus, because the record does not conclusively establish ineffective assistance, this claim is not cognizable in this appeal.

## II.

Counsel next questions whether the Government engaged in misconduct during Perez-Ruiz's prosecution. To succeed on a claim of prosecutorial misconduct, the defendant must prove that the prosecution's conduct was, in fact, improper, and that he was deprived of a fair trial because of the prejudicial conduct. <u>United States v. Allen</u>, 491 F.3d 178, 191 (4th Cir. 2007). Here, counsel does not point to any specific instance of prosecutorial misconduct, and our review of the record has disclosed no evidence of misconduct. Thus, this claim is meritless.

III.

Perez-Ruiz argues that the district court erred in applying the enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2013), for possession of a firearm because there was insufficient evidence that he possessed the firearm found buried near a "stash trailer" or that the firearm was connected to the drug activity for which he was convicted. In assessing a challenge to the district court's application of the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010).

Section 2D1.1(b)(1) of the Guidelines directs a district court to increase a defendant's offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed." The enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), even in the absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks omitted). "[P]roof of constructive possession of the [firearm]

4

is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." Manigan, 592 F.3d at 629. The defendant bears the burden to show that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." Harris, 128 F.3d at 852-53.

We have further held that weapons possessed by a member of a conspiracy are attributable to a co-conspirator when "under the circumstances of the case, it was fair to say that it was reasonably foreseeable to defendant that his co-participant was in possession of a firearm." United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994) (internal quotation marks and alteration omitted) (upholding application of enhancement under USSG § 2D1.1(b) based on co-conspirator's possession of the firearm). Moreover, a co-conspirator's possession of a dangerous weapon is foreseeable when "their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." United States v. Gomez-Jiminez, 750 F.3d 370, 381 (4th Cir.), cert. denied, 135 S. Ct. 305 (2014). Given Perez-Ruiz's admitted conspiracy, his presence and actions at the stash trailers and their curtilage, and the large scope of the drug activity, it was fairly inferable that the presence of the firearm was foreseeable. See Kimberlin, 18 F.3d at 1160 (internal quotation marks omitted).

Moreover, Perez-Ruiz has failed to present an argument that the connection between the firearms and the drug conspiracy was "clearly improbable," and, on Anders review, "[t]here is nothing in the record to suggest that the weapon[] w[as] unconnected to the offense." See Gomez-Jiminez, 750 F.3d at 382. In addition, the record affirmatively supports the connection: Perez-Ruiz participated in a large scale drug conspiracy, transporting hundreds of thousands of dollars on more than one occasion; the handgun was buried near a stash trailer where Perez-Ruiz was seen repeatedly and where Perez-Ruiz retrieved items from the wooded curtilage; and the stash trailers were also the site of drug sales by Perez-Ruiz. As such, the court's factual finding that the weapon was connected to the drug trafficking conspiracy was not error.

IV.

Perez-Ruiz next challenges the district court's application of a three-level enhancement based on his role in the conspiracy. The district court's imposition of a role adjustment is a factual determination reviewed for clear error. United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009). A three-level enhancement under USSG § 3B1.1(b) is warranted if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants." To qualify for such an enhancement, the

6

defendant must have managed or supervised "one or more other participants." USSG § 3B1.1, cmt. n.2. The enhancement is appropriate where the evidence demonstrates that the defendant "controlled the activities of other participants" or "exercised management responsibility." United States v. Slade, 631 F.3d 185, 190 (4th Cir. 2011) (citing United States v. Bartley, 230 F.3d 667, 673-74 (4th Cir. 2000)). In determining whether an enhancement under USSG § 3B1.1(b) is warranted, a court should consider:

> (1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

Kellam, 568 F.3d at 148 (quoting USSG § 3B1.1, cmt. n.4). "Leadership over only one other participant is sufficient as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003).

We conclude that the district court did not clearly err by applying the leadership enhancement to Perez-Ruiz's sentence. Perez-Ruiz exercised control over his wife and another, directing them to assist him counting and wrapping the money. In addition, his wife acted as counter-surveillance during money drops. Perez-Ruiz also distributed cocaine for redistribution

7

and organized the logistics of the money-drops for a conspiracy that dealt with a great deal of cocaine. Accordingly, this claim is without merit.

## V.

Perez-Ruiz next contends that the district court erred by failing to give him a safety valve reduction in sentence. A two-level reduction in offense level is applicable under USSG § 5C1.2 if the defendant meets the five criteria set out in 18 U.S.C. § 3553(f)(1)-(5) (2012), the fourth of which is that the defendant is not a organizer, leader, manager, or supervisor of others in the offense. However, because as discussed above Perez-Ruiz was a manager or supervisor in his criminal conspiracy, the district court properly found him to be ineligible.

## VI.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. Accordingly, we affirm Perez-Ruiz's conviction and sentence. This court requires that counsel inform Perez-Ruiz, in writing, of the right to petition the Supreme Court of the United States for further review. If Perez-Ruiz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that

8

a copy thereof was served on Perez-Ruiz. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED