**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4321**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTONIO DONTA KEITT,

                    Defendant - Appellant.

_____

**No. 15-4461**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TREMAINE ANTWAUN BROWN,

                    Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle of
North Carolina, at Greensboro.   William L. Osteen, Jr., Chief
District Judge, Catherine C. Eagles, District Judge.   (1:14-cr-
00285-WO-4, 1:14-cr-00285-CCE-1)

_____

Submitted:  March 30, 2016          Decided:  April 25, 2016

_____

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

Sue Genrich Berry, BOWEN & BERRY, PLLC, Lumberton, North Carolina; Raymond C. Tarlton, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellants. Ripley Rand, United States Attorney, Graham Tod Green, Michael Francis Joseph, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Donta Keitt and Tremaine Antwaun Brown pled guilty, pursuant to written plea agreements, to the following: (1) Keitt pled guilty to conspiracy to distribute cocaine base and distributing and possessing with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (Counts 1 and 16); (2) Brown pled guilty to conspiracy to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking offense, 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 924(c)(1)(A)(i) (Counts 1 and 21).

Keitt was sentenced to 144 months on each count, to run concurrently. Brown was sentenced to a total term of 204 months' imprisonment. They appeal and have filed a joint brief. Keitt asserts that the district court plainly erred in applying a two-level sentencing enhancement for maintaining a premises for the purpose of distributing a controlled substance, U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(b)(12), and erred in applying the two-level firearm enhancement, id. § 2D1.1(b)(1). Brown argues that the factual basis was insufficient to support his guilty plea to the firearm offense.* Finding no error, we affirm.

---

*We note that, although Brown's plea agreement contains an appellate waiver provision, the Government has not unequivocally asserted the waiver. Accordingly, we will not sua sponte apply
(Continued)

3

No. 15-4321. Keitt raises two issues regarding his sentence. His first claim—that the district court erroneously applied the two-level enhancement under USSG § 2D1.1(b)(12)—is reviewed for plain error as he did not challenge the enhancement in the district court. To satisfy the plain error standard, Keitt must show (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Webb, 738 F.3d 638, 640-41 (4th Cir. 2013). Keitt cannot meet this standard.

The Guidelines provide that "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase [the sentence] by 2 levels." USSG § 2D1.1(b)(12). According to the Guidelines commentary, "[a]mong the factors the court should consider in determining whether the defendant maintained the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." Id. § 2D1.1 cmt. n.17. "Manufacturing or distributing a controlled

the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

4

substance need not be the sole purpose for which the premises were maintained, but must be one of the defendant's primary or principal uses for the premises." Id.

Keitt does not dispute that the controlled purchases were made at his residence. Moreover, a search of the residence after the controlled purchases resulted in the seizure of fifteen ounces of cocaine base and $5600 in cash. There are also statements in the record from witnesses detailing drug activity at Keitt's residence, including a statement that Keitt's residence was a known "crack house." On these facts, Keitt cannot establish that the application of the § 2D1.1(b)(12) enhancement constituted plain error affecting his substantial rights.

Next, Keitt asserts that the district court improperly applied the two-level Guidelines enhancement for possession of a firearm. We review application of the § 2D1.1(b)(1) enhancement for clear error. United States v. Manigan, 592 F.3d 621, 630–31 (4th Cir. 2010). In order for the enhancement to apply, "the Government must prove by a preponderance of the evidence that the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." Id. at 628–29 (internal quotation marks omitted). "[P]roof of constructive possession of the [firearm]

5

is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." Id. If the Government carries its burden, "[t]he enhancement should be applied . . . unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). The defendant bears the burden of establishing such a clear improbability. United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011). Keitt cannot make this showing.

In addition to a co-conspirator's testimony that he saw Keitt in possession of a firearm, other witnesses provided statements that there was widespread possession of firearms among members of the conspiracy. Thus, the district court did not clearly err in finding that possession of firearms by other conspirators was foreseeable to Keitt. See United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994) (upholding firearm enhancement where possession by co-conspirators was reasonably foreseeable to defendant).

No. 15-4461. Brown's only claim on appeal is that the amended factual basis presented by the Government was insufficient to support his conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking offense. Brown did not challenge the factual basis during his Rule 11 hearing, other than to note his disagreement with being

characterized as a leader or organizer of the conspiracy. Therefore, review is for plain error. United States v. Mastrapa, 509 F.3d 652, 656–57 (4th Cir. 2007).

Under 18 U.S.C. § 924(c), the Government was required to show that Brown knowingly and unlawfully possessed a firearm in furtherance of the specified drug trafficking crime. See United States v. Moore, 769 F.3d 264, 269-70 (4th Cir. 2014) (identifying elements and standard of review), cert. denied, 135 S. Ct. 1463 (2015). In other words, "§ 924(c) requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).

The evidence presented in the amended factual basis was sufficient to establish the necessary elements to support Brown's conviction on the § 924(c) count. The amended factual basis included statements from a witness that Brown "always had a gun" for protection in case "Somebody roll up on me it's a done deal." J.A. 147. In addition, the amended factual basis stated that "[c]ooperating witnesses indicate that during the conspiracy [Brown and other named conspirators] were in possession of firearms." J.A. 144. The district court's reliance on these facts was not plainly erroneous.

7

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED